IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPLIT PIVOT, INC.,

        Plaintiff,       OPINION AND ORDER

v.

                     12-cv-639-wmc

TREK BICYCLE CORPORATION,

        Defendant.

---

   In this patent infringement lawsuit, plaintiff Split Pivot, Inc. alleges that defendant Trek Bicycle Corp. infringes Split Pivot's United States Patent Nos. 7,717,212 (the '212 patent) and 8,002,301 (the '301 patent). Now before the court is Trek's motion to strike as untimely three infringement contentions submitted by Split Pivot after the initial disclosure deadline established in the court's Pretrial Order. The court finds that Split Pivot did not meet the deadline, but recognizes that in the interplay between ongoing discovery and the early disclosure dates set out in the Pretrial Order, some post-deadline supplementation may be expected and even allowed upon good cause shown. In this case, Split Pivot submitted supplemental infringement contentions responsive to discovery production by Trek on or after Split Pivot's disclosure deadline. While Trek was certainly within its rights to require Split Pivot to seek leave of court and establish good cause in order to change the court's Pretrial Order schedule, the court will deny Trek's motion to strike Split Pivot's supplemental infringement contentions because Split Pivot diligently supplemented its disclosures, its disclosures responded to newly-disclosed evidence, and Trek is not much prejudiced.

UNDISPUTED FACTS

On October 17, 2012, Magistrate Judge Crocker entered a Preliminary Pretrial Conference Order ("Pretrial Order"), setting out a schedule for this case. In the Pretrial Order, the court ordered Split Pivot to disclose its infringement contentions by December 5, 2012. (Dkt. #18 at 1.)

Split Pivot served Trek with infringement contentions on December 5, 2012, as required. (Dkt. #75 at 2.) One day earlier, however, Trek had produced discovery responses consisting of a previously undisclosed drawing of one of the accused infringing bicycles, the "Session 88." On December 10, 2012, Trek produced a second previously undisclosed drawing of another allegedly infringing bicycle, the "2010 Trek/Gary Fisher Roscoe." Split Pivot responded to these newly disclosed drawings by serving supplemental claim charts for the two bicycles on January 4, 2013. On January 24, 2013, Split Pivot served Trek with a second set of supplemental claim charts, this time asserting infringement of three patent claims not previously relied upon (Claims 43, 44 and 64 of the '212 patent).

Trek does not object to Split Pivot's first (January 4) supplemental infringement charts, but does object to the second (January 24) supplemental charts because these charts add new patent claims.

OPINION

In opposition to Trek's motion to strike, Split Pivot argues (1) that its amendment is timely because the Pretrial Order allows it to amend or supplement its disclosures at any time before February 22, 2013, and (2) in the alternative, Trek has not been

2

prejudiced by any late disclosure.  (Dkt. #18 at 3.)  The court agrees with the second of these two arguments.

1. **Compliance with Pretrial Order Deadlines**

   The court's Pretrial Order states in pertinent part:

   1. (A) **Plaintiff's Infringement Contentions: December 5, 2012**

      By this date, plaintiff must identify each claim in each patent being asserted against each accused device.

      (B) **Defendant's Contentions of Invalidity/ Unenforceability: January 11, 2013**

      By this date, defendant must disclose its contentions of invalidity and unenforceablity.

   2. **Amendments to the Pleadings: November 28, 2012**

      After this date, a party may not amend its pleadings without first receiving leave of court.

   3. **Exchange of Terms and Proposed Constructions: January 18, 2013 / Responses: February 22, 2013**

      Not later than the exchange date, all parties must exchange each party's list of all terms for which that party intends to request construction by the court during summary judgment motions practice, along with its proposed constructions. Not later than the response deadline, *a party may supplement and amend its disclosures*. These documents should not be filed with the court.  The court no longer holds claims construction hearings.  The court will consider and rule on requests for claims construction as part of the summary judgment motions practice.

(Dkt. #18 at 1-2 (emphasis added).)

Split Pivot interprets the Pretrial Order to allow each party to "supplement and amend" all disclosures -- including infringement contentions -- by February 22, 2013. The phrase Split Pivot relies upon, however, pertains only to the ability to supplement

3

and amend disclosures concerning *claims construction* proposals referred to in Section 3 of the Pretrial Order.[1] (Dkt. #18 at 2.) The pertinent final deadline for Split Pivot to submit its infringement contentions was, as Trek pointed out, December 5, 2012. Split Pivot did not meet this deadline.

### 2. Supplementing Disclosures after Deadline for "Good Cause"

There still remains the question of if and when Split Pivot may supplement its infringement contentions after the court's established deadline. Because this deadline is part of the court's scheduling order, proposed changes are governed by Federal Rule of Civil Procedure 16(b)(4), which states that a "schedule may be modified only for good cause and with the judge's consent." While Split Pivot has not asked for consent (presumably because it believed it was following the schedule) the court will treat Trek's response to this motion to strike as a belated request for consent to amend the schedule under Rule 16. The real question is, therefore, whether good cause exists to grant Split Pivot's belated request to amend the court's Pretrial Order.

The requirement that patent litigants disclose their infringement and invalidity positions early in litigation enhances the court's ability to efficiently adjudicate patent disputes. As Judge Crocker explained at the pretrial conference, the early deadlines force the parties to "put their cards on the table." Even so, a party should be able to make adjustments to its litigation position in response to new facts uncovered in discovery, and the court will consider reasonable requests to supplement infringement and invalidity contentions on that basis. This approach was commented upon favorably by the Federal

---

[1] This is certainly the straightforward (and safest) construction of the order, but the court will look into clarifying the language to avoid a similar misunderstanding in the future.

Circuit in *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006). There, the Federal Court acknowledged the need "to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id.* at 1366.

In light of these concerns, this court will consider three factors in determining "good cause" here: (1) whether the moving party acted diligently; (2) whether the amendments or supplements appear to be the legitimate product to newly-produced discovery disclosures; and (3) whether the opposing party is prejudiced by consideration of new or amended infringement claims. Each of these factors favor allowing Split Pivot to supplement its infringement contentions.

*First,* Split Pivot acted with reasonable diligence by responding within a month and a half of Trek's discovery disclosures. In a perfect world, Split Pivot would have received Trek's previously undisclosed drawings several weeks before its December 5, 2012, infringement contention deadline. Even after the deadline had passed, Split Pivot should not have needed six weeks to produce its supplemental claims. Still, this amount of delay is not extreme and explained here by Split Pivot's apparent confusion about the true deadline.

*Second*, Split Pivot's supplemental disclosures appear to be a direct response to newly-discovered evidence: two Trek bicycle models first identified by Trek in December, 2012. Trek's claim that "the only new information that has come into Split Pivot's possession since it served its initial infringement contentions is knowledge of Trek's litigation positions" appears wholly undermined by Trek's concession that information on these two models was produced after or just before Split Pivot's

5

disclosure deadline. The late disclosures seem not to be the result of delay or gamesmanship on the part of Split Pivot, but rather the natural result of ongoing discovery. The court acknowledges Trek's concern that allowing continuing amendments by Split Pivot could put it "in the position of not knowing when, if ever, Split Pivot will provide its full set of contentions." While Split Pivot may feel the same way about Trek's invalidity contentions, both parties can take comfort in the fact that as discovery progresses the amount of remaining undisclosed evidence that would justify further amendments to the infringement and invalidity contentions grows ever smaller.

*Third*, Split Pivot's supplemental infringement contentions do not appear likely to materially prejudice Trek. Trek argues that it was "sandbagged" by Split Pivot's late disclosures, asserting that Split Pivot's supplemental infringement contentions "avoid Trek's strongest arguments and/or those appropriate for summary judgment" and that Trek may "well have chosen other prior art and combinations thereof for its invalidity contentions." (Dkt. #46 at 10.) This argument is unconvincing unless Trek has evidence that Split Pivot deliberately (or even negligently) delayed seeking relevant information to draw out Trek. Absent such evidence, the court is inclined to take up viable claims, rather than overlook them because of some limited delay in completing discovery.

This is not to say that outmaneuvering an opponent is a justification for untimely amendment. But where there appears to be a legitimate reason to amend because of new discovery, the fact that the other side may need to recalibrate its position is not enough to bar any amendment to a party's infringement contentions.

Of more weight is Trek's claim that allowing an amendment now will result in "delay of the schedule and require Trek to spend more time and resources revising its contentions to address the newly asserted claims." Indeed, Trek will be given the opportunity to respond to Split Pivot's amendments, and this may require post-deadline supplementation of its invalidity contentions and claims construction disclosures. It may also require pushing off some intermediate deadlines. But the risk of having to extend these deadlines for good cause shown is always present depending on developments in discovery, and in this case the court does not anticipate having to grant lengthy extensions.[2]

Trek may have to rethink its strategy now, but it has not shown that the new disclosures substantially change the direction of the litigation. The new patent claims asserted are almost identical to the existing claims. Independent Claim 43 is identical to Claim 1, except that Claim 43 omits a limitation in Claim 1. (Dkt. #75 at 7.) Dependent Claim 64 is identical to Split Pivot's previously asserted Claim 21 except for the omitted limitation in Claim 1. And Dependent Claim 44 adds an element – a control link – previously included in Claim 1. Thus, no new terms are introduced for construction, nor are any new theories of infringement presented. Split Pivot argues, and this court tends to agree, that the issues, as well as potential defenses, remain essentially the same.

---

[2] In substantial part, this is because both sides will be expected to cooperate fully should any expedited discovery or motion practice be required by allowing Split Pivot's amendment.

### 3. Conclusion

Trek will now have the opportunity to supplement its own infringement and invalidity contentions within 28 days of this order, provided any newly asserted disclosures respond directly to the supplemental infringement claim charts served on January 24, 2013.

ORDER

IT IS ORDERED that:

(1) defendant Trek Bicycle Corporation's motion to strike plaintiff Split Pivot's late-disclosed infringement claim (dkt. # 46) is **DENIED**; and

(2) defendant will have 28 days to respond to plaintiff's supplemental infringement claim charts.

Entered this 2nd day of May, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge